

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

June 11, 2019

**BY ECF**
The Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    United States v. Jamal Bryant
            18 Cr. 503 (VB)

Dear Judge Briccetti:

    The Government writes in connection with the sentencing of defendant Jamal Bryant (the "defendant" or "Bryant"), scheduled to take place on Thursday, June 13, 2019. The Government submits that a sentence within the range of 37 to 46 months' imprisonment contemplated by the parties' plea agreement (the "Plea Agreement") is appropriate.

## Offense Conduct

    Since in or around 2017, the Drug Enforcement Administration ("DEA") and the City of White Plains Police Department ("WPPD") have been investigating a drug trafficking organization operating in and around White Plains, New York. The investigation consisted of multiple controlled purchases of heroin from the defendant using a confidential informant, and wire interceptions over a telephone used by the defendant to conduct narcotics transactions. Additionally, the investigation consisted of information obtained from physical surveillance, cellphone toll analysis, and GPS tracking warrants. Based on the evidence obtained over the course of this investigation, law enforcement learned that the defendant was a long-time heroin distributor who sold heroin in and around White Plains, particularly, in the vicinity of Ferris Avenue. (Presentence Investigation Report ("PSR") ¶ 8.) The defendant typically conducted business over the telephone. (*Id.*) Specifically, customers would call the defendant on his phone and explain, in coded language, the type of narcotics they wished to purchase (typically heroin) and the amount they needed. (*See id.*) The defendant would then instruct the customer to meet him at one of several different locations near Ferris Avenue where the defendant would then complete the transaction. (*Id.*) In all, the defendant was responsible for distributing between 40 grams and 60 grams of heroin. (PSR ¶ 10.)

**Procedural History**

The defendant was charged on July 19, 2019 in a single-count indictment charging him with conspiring to distribute, and possess with the intent to distribute: (i) 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B); and (ii) mixtures and substances containing a detectable amount of cocaine base, in violation of 21, United States Code, Section 841(b)(1)(C), all in violation of Title 21, United States Code, Section 846. On March 15, 2019, the defendant appeared before this Court and pled guilty to the lesser included offense of conspiring to distribute, and possess with the intent to distribute, mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). Among other things, the agreement stipulated to a Guidelines calculation.

As set forth in the Plea Agreement, both parties agreed that the defendant's total offense level is 15 and that his Criminal History Category is V. In calculating the total offense level, the parties agreed that U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(11) are applicable to the offense conduct charged in Count One of the Indictment, which set the base offense level at 18. Assuming the defendant clearly demonstrated acceptance of responsibility, the parties agreed that a three-level reduction would be warranted, pursuant to U.S.S.G. § 3E1.1(a) and (b). The parties further agreed that the defendant has 12 criminal history points, and his Criminal History Category is V.

These stipulated calculations produced a sentencing range of 37 to 46 months' imprisonment (the "Stipulated Guidelines Range").

**Discussion**

**I.      Applicable Law**

The Government submits that a Guidelines sentence is appropriate for this defendant. As the Court is well aware, the Sentencing Guidelines provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id*. at 49. After that calculation, however, Your Honor must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id*. at 50 & n. 6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes of the defendant; and
    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## II. A Sentence within the Stipulated Guidelines Range is Appropriate

In light of the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant, to promote respect for the law, and to protect the public from further crimes by the defendant, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 37 to 46 months' imprisonment would be sufficient, but not greater than necessary, to satisfy the purposes of sentencing. *See* 18 U.S.C. § 3553(a).

*First*, a sentence within the Stipulated Guidelines Range is necessary to reflect the nature and seriousness of the offense. Heroin has been, and continues to be, a scourge on communities through the United States, including communities within the Southern District of New York. The defendant played an active role in what is accurately described as a devastating crisis. The defendant was a member of a long-running and reasonably profitable conspiracy responsible for the distribution of heroin. The risks inherent in heroin abuse are severe, yet, the defendant ignored those risks for personal profit. Narcotics distribution generally requires a certain level of selfishness. Drug dealers by definition profit from their customers' addictions. The defendant is no different. He deliberately nurtured his customers' convictions for personal financial gain, giving little thought to the customers themselves and their families and friends who also suffered. Worse still, the defendant sold heroin despite having suffered through addition firsthand. Given his own struggles with addition, the defendant can hardly dispute the manifest need to punish those responsible for making dangerous narcotics like heroin available for purchase and abuse. A sentence within the Stipulated Guidelines Range reflects the serious nature of the defendant's conduct and removes another drug dealer from the streets of White Plains, New York.

*Second*, a sentence within the Stipulated Guidelines Range is necessary to provide both specific and general deterrence. The defendant has a lengthy criminal history. The defendant has incurred at least five narcotics-related felony convictions and, including this conviction, 13 criminal convictions in total. Indeed, as described in the PSR, the defendant was paroled in March 2016 and began his participation in the instant offense shortly thereafter. (PSR at 20.) Worse, he did so while on parole. Yet, despite his prior criminal convictions, the defendant continued to sell drugs. Not only does the defendant's criminal history demonstrate a clear lack of respect for the law, it also indicates that the defendant is not easily deterred. Surely, if 13 previous convictions and the birth of three children were insufficient to prevent this defendant from continuing to commit crimes, a sentence below the Stipulated Guidelines Range as requested by the defendant will be equally ineffective. A sentence within the Stipulated Guidelines Range will hopefully succeed where the defendant's prior punishments have failed and deter him from committing future crimes. A sentence within the Stipulated Guidelines Range will also send a clear message that repeated violations of the law, particularly violations involving the distribution of dangerous narcotics, will not be tolerated.

## Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 37 to 46 months' imprisonment would be fair and appropriate in this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: ‎ /s/ Christopher J. Clore
Christopher J. Clore
Assistant United States Attorney
(212) 637-1063

cc: Susanne Brody, Esq. (Via ECF)