UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA         :
                                           :     **MEMORANDUM**
v.                                    :     **OPINION AND ORDER**
                                           :
JAMAL BRYANT,                      :     18 CR 503 (VB)
                    Defendant.    :
--------------------------------------------------------------x

       Now pending is defendant Jamal Bryant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docs. #16, 18). Bryant asserts that the current COVID-19 pandemic and the fact that he has medical and dental needs warrant his early release.

       For the following reasons, the motion is DENIED.

       First, Bryant's offense was serious. Over a period of years, he sold heroin in and around White Plains, New York, particularly in the vicinity of Ferris Avenue. Bryant typically conducted business over the telephone. Customers would call him and explain, in coded language, the type and amount of narcotics they wished to purchase. Bryant would then instruct the customers to meet him at one of several different locations near Ferris Avenue, where he would complete the transaction. Bryant pleaded guilty to participating in a conspiracy to sell heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), stipulating to distributing between 40 and 60 grams of heroin. He had also sustained eleven prior adult convictions and was on parole at the time of the offense. As a result, his Guidelines sentencing range was 37-46 months' imprisonment.

       On June 13, 2019, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced Bryant to thirty-seven months' imprisonment, the bottom of the Guidelines range, to be followed by three years of supervised release. The Court emphasized

1

that Bryant had regularly sold heroin over a two-year period, and had a lengthy criminal record. The Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Bryant has been detained since his arrest on July 20, 2018. To date, he has served approximately twenty-six months of his thirty-seven-month sentence, or about two-thirds of the sentence imposed.

Second, Bryant has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account both his medical history and his risk of exposure to and complications from the virus. See 18 U.S.C. § 3582(c)(1)(A)(i). Bryant is forty-two years old. He is neither elderly nor infirm. Prior to sentencing, he told the probation department he was in good health and did not have a history of health problems. He now claims he has medical and dental needs that are not being met in prison. But he has not specified any medical condition that the Centers for Disease Control has identified as increasing his risk of contracting COVID-19 or developing serious complications if he does. Moreover, Bryant's prison medical records, which the government attached to their response, indicate he has received appropriate medical and dental care while incarcerated.

Of course, Bryant is at risk for contracting the virus at FCI Beckley, where he is currently housed. However, the Court is persuaded by the government's submission that FCI Beckley has taken substantial measures to respond to the COVID-19 threat at its facility, thereby mitigating its spread, and has the means to competently care for its inmate population.

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The serious nature of Bryant's offense and his lengthy criminal record warranted a lengthy prison sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by a third.  Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Bryant's sentence would also undermine a critical sentencing objective in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct.  These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Bryant's early release, especially given that Bryant committed the instant offense while on parole.

Accordingly, defendant Jamal Bryant's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

> Jamal Bryant, Reg. No. 85944-054
> FCI Beckley
> Federal Correctional Institution
> P.O. Box 350
> Beaver, WV 25813

Dated: September 8, 2020
        White Plains, NY                    SO ORDERED:

                                            *[signature]*

                                            Vincent L. Briccetti
                                            United States District Judge